IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| H. LEIGHTON LASKEY, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. WDQ-14-0853 |
| STATE OF MARYLAND, et al., | * | |
| Defendants | * | |

\*\*\*

### ORDER

H. Leighton Laskey is suing Defendants claiming that a pending proceeding in the Circuit Court for Baltimore City in Civil Action *Laskey v. City of Baltimore, City Hall, et al.*, 24-C11-003907, violates his right to due process under the United States Constitution. (Complaint, ECF No. 1). Laskey is requesting $500,000 in damages. Laskey's filed financial affidavit that shows he is indigent, and his Motion to Proceed in Forma Pauperis will be granted.

In Civil Action 24-C11-003907, Laskey is suing the Mayor of Baltimore, the City Council of Baltimore, and others for failing to comply with the Maryland Public Information Act in regard to his request for information on a false alarm account.[1] On March 20, 2014, the Honorable Pamela J. White denied Defendants' Motion to Dismiss the Complaint for lack of prosecution by Plaintiff, denied Laskey's Motion for Treble Damages, and granted Laskey thirty days to complete service on Defendants. (ECF No. 1, Attachment at 11-12). The Maryland Judiciary case search web site shows the case remains open to date.[2]

---

[1] This is Laskey's fifth action in this district based on his dispute with the City of Baltimore concerning a $500 municipal fine levied against his property for a false fire alarm. *See Laskey v. State of Maryland, et al.*, Civil Action No. JKB-12-945 (D. Md. 2012); *Laskey v. City of Baltimore, et al.*, Civil Action No. L-11-403 (D. Md. 2011); *Laskey v. Conaway, et al.*, Civil Action No. WDQ-11-2372 (D. Md. 2011); *Laskey v. City of Baltimore, et al.*, Civil Action No. CCB-08-3228 (D. Md. 2008).

[2] *See* http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=24C11003907&loc=69&detailLoc=CC

Given the on-going nature of the state court proceedings, Laskey's Complaint will be dismissed without prejudice. To the extent Laskey is challenging his state civil action, his claims are barred by abstention principles set forth in *Younger v. Harris*, 401 U.S. 37, 44 (1971). *Younger* and "its progeny espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Co. Ethics Comm. v. Garden St. Bar Assn.*, 457 U.S. 423, 431 (1982); *see also Huffman v. Pursue*, 420 U.S. 592, 607 (1975). Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review. *Bonner v. Circuit Ct. of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975). Laskey alleges no extraordinary circumstances to warrant an exception.

Accordingly, it is this \_\_\_21st\_\_\_ day of April 2014, Ordered:

1. The Motion to Proceed in Forma Pauperis (ECF No. 2) IS GRANTED;
2. The case IS DISMISSED without prejudice;
3. The Clerk SHALL CLOSE this case; and
4. The Clerk SHALL SEND a copy of this Order to Plaintiff.

William D. Quarles, Jr.
United States District Judge